The Honorable _____

FILED LODGED RECEIVED MAIL
OCT 03 2016
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY  DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

No. 16 CV-01580 PAJ

DAVID V. MYERS and SHIVA Y. STEIN, derivatively on behalf of STARBUCKS CORPORATION,

Plaintiffs,

v.

TROY ALSTEAD, MARY N. DILLON, ROBERT M. GATES, MELLODY HOBSON, KEVIN R. JOHNSON, SCOTT MAW, JOSHUA COOPER RAMO, HOWARD SCHULTZ, JAMES G. SHENNAN, JR., CLARA SHIH, JAVIER G. TERUEL, MYRON E. ULLMAN, III, CRAIG E. WEATHERUP,

Defendants,

and

STARBUCKS CORPORATION,

Nominal Defendant.

**PLAINTIFFS' MOTION TO FILE DOCUMENTS UNDER SEAL**

**Note on Motion Calendar:**
October 14, 2016

## I. INTRODUCTION

PLAINTIFFS' MOTION TO FILE
DOCUMENTS UNDER SEAL - 1

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

Pursuant to LCR 5(g), Plaintiffs respectfully request that the Court grant them permission to file under seal the Complaint by Plaintiffs David M. Myers ("Mr. Myers") and Shiva Y. Stein ("Ms. Stein")(collectively, "Plaintiffs").

## II. FACTUAL BACKGROUND

Plaintiffs are filing the instant motion pursuant to a Confidentiality and Non-Disclosure Agreement ("NDA") entered into by and between nominal defendant Starbucks Corporation ("Starbucks"), on the one hand, and Ms. Stein and her counsel, on the other hand, dated October 1, 2015. Declaration of Gustavo Bruckner ("Bruckner Decl."), ¶ 2; **Ex. A**. The parties entered into the NDA to allow Starbucks to designate certain documents it was producing to Ms. Stein, pursuant to a books and records demand issued by her under RCW 23B.16.020, as confidential. Mr. Myers subsequently signed onto the NDA on or about August 24, 2016. Bruckner Decl., ¶ 3; **Ex. B**. Plaintiffs bring this motion so that the Court can determine whether sealing the unredacted Complaint is appropriate in this matter. Bruckner Decl. ¶ 5; **Ex. C**. A copy of the redacted complaint is attached as well. *Id.*; **Ex. D**.

Prior to filing this motion, Plaintiffs' counsel contacted counsel for defendants by telephone and email to meet and confer regarding the confidentiality of certain documents, pursuant to LCR 5(g)(3)(A). Bruckner Decl., ¶ 6. The NDA states in pertinent part:

> "In the event that Stockholder determines she wishes to use Confidential Inspection Material in any complaint or other pleading or court document, unless otherwise ordered by a court of competent jurisdiction, a) the document or pleading (or any portion of a document or pleading) shall be initially filed under seal subject to a confidentiality order consistent with the terms of this Agreement restricting access to such Confidential Inspection Material to the court in which such action is filed, court personnel, those persons to whom Confidential Inspection Material may be disclosed pursuant to Paragraph 4, and the Company and its agents and representatives."

Bruckner Decl., ¶ 3; **Ex. B**.

PLAINTIFFS' MOTION TO FILE
DOCUMENTS UNDER SEAL - 2

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

Certain information was learned and documents obtained throughout the inspection process that are essential to Plaintiffs' claims against defendants for breach of fiduciary duties. Bruckner Decl., ¶ 7. The parties met and conferred on the appropriateness of redacting certain portions of and documents attached to the complaint. Bruckner Decl., ¶ 6.

### III. ARGUMENT

There is a strong presumption that the public is entitled to access court records. LCR 5(g). Parties must explore all alternatives to filing a document under seal. *See* LCR 5(g)(1). If a party seeks to file a document under seal because another party has designated it as confidential, the filing party and the designating party must "meet and confer to determine whether the designating party will withdraw the confidential designation or will agree to redact the document so that sealing is unnecessary." LCR 5(g)(3)(A).

A party may file a document under seal only if a motion to seal is simultaneously filed with the Court. LCR 5(g)(2)(B). Such a motion must: (1) certify that the parties have conferred; and (2) state the applicable legal standard and reasons for sealing the document. LCR 5(g)(3). However, where parties have entered into a litigation agreement or stipulated protective order governing the exchange in discovery of documents that a party deems confidential, a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not set forth the applicable legal standard and reasons for sealing the documents. LCR 5(g)(3). Instead, the party who designated the document confidential bears the burden of demonstrating in its response to a motion to seal that sealing is appropriate. *Id.*

Here, the parties conferred by telephone and email regarding the confidential designation of those certain documents produced by Starbucks which Plaintiff now seeks to attach and file with their complaint as essential components of their claims against defendants. As of the filing deadline for this motion, defendants continue to believe that public disclosure of

PLAINTIFFS' MOTION TO FILE
DOCUMENTS UNDER SEAL - 3

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206 621 6566
FAX 206 621 9686

the redacted portions of the complaint and exhibits thereto would cause Starbucks competitive harm. At a later date, Defendants will file a response to this motion setting out the applicable legal standard and the reasons for keeping the redacted materials under seal. *See* LCR 5(g)(3). If the Court finds defendants meet their burden, Plaintiffs should be allowed to file the unredacted Complaint under seal. If the Court finds defendants do not meet their burden, then Plaintiffs should be allowed to file the unredacted Complaint in open court.

## IV. CERTIFICATION

In accordance with LCR 5(g)(3)(A), Plaintiffs hereby certify that the parties met and conferred by email and telephone on or about September 16, 2016, regarding Starbucks' confidential designation of the documents and information included and redacted in the Complaint.

## V. CONCLUSION

For these reasons, Plaintiffs respectfully request the Court to allow them either to file the document attached as **Exhibit C** to the Declaration of Gustavo F. Bruckner under seal.

## VI. PROPOSED ORDER

A proposed order is submitted herewith.

RESPECTFULLY SUBMITTED AND DATED this 30th day of September, 2016.

BADGLEY MULLINS TURNER, PLLC

s/Duncan C. Turner
Duncan C. Turner, WSBA No. 20597
19929 Ballinger Way NE, Suite 200
Seattle, Washington 98155
Telephone: 206-621-6566
Facsimile: 206-621-9686
Email: dturner@badgleymullins.com
**Attorney for Plaintiff**

PLAINTIFFS' MOTION TO FILE
DOCUMENTS UNDER SEAL - 4

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686