HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID V. MYERS and SHIVA Y. STEIN, derivatively on behalf of STARBUCKS CORPORATION,<br><br>      Plaintiffs,<br><br> v.<br><br>TROY ALSTEAD, MARY N. DILLON, ROBERT M. GATES, MELLODY HOBSON, KEVIN R. JOHNSON, SCOTT MAW, JOSHUA COOPER RAMO, HOWARD SCHULTZ, JAMES G. SHENNAN, JR., CLARA SHIH, JAVIER G. TERUEL, MYRON E. ULLMAN, III, CRAIG E. WEATHERUP,<br><br>      Defendants,<br><br>and<br><br>STARBUCKS CORPORATION,<br><br>      Nominal Defendant. | CASE NO. C16-1580 RAJ<br><br>ORDER |

ORDER- 1

## I. INTRODUCTION

This matter comes before the Court on Nominal Defendant Starbucks Corporation's ("Starbucks") Motion to Dismiss Amended Complaint. Dkt. # 28. For the reasons that follow, the Court **GRANTS** Starbucks' Motion.

## II. BACKGROUND

The general facts of the case are familiar to the parties and the Court will not reiterate them here. *See* Dkt. # 24 (prior Order outlining the basic facts of the case). At issue is whether Plaintiffs' Amended Complaint addresses the deficiencies that led to the prior dismissal.

The Amended Complaint does not differ greatly from the original Complaint. *See* Dkt. # 29-1 (redline comparing original Complaint to Amended Complaint). Plaintiffs have now clarified that Starbucks engaged in wrongdoing. *See generally* Dkt. # 26 (Amended Complaint). But Plaintiffs do so by merely adjusting the language in the Amended Complaint to include terms such as "illicit," *id.* at ¶ 7, "illegal," *id.* at ¶ 11, or "improper[]," *id.* at ¶ 12. The facts in the Amended Complaint are derived from the same sources as the initial Complaint. *See, e.g.*, Dkt. # 17-2 (Commission Decision on State Aid). Starbucks moves the Court to dismiss the Amended Complaint because it argues that Plaintiffs again failed to rebut the business judgment rule. Dkt. # 28.

## III. LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief

that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

**IV.   DISCUSSION**

A. <u>Business Judgment Rule</u>

Plaintiffs' Amended Complaint argues that Starbucks' Board did not conduct an adequate investigation because it failed to interview the appropriate witnesses and spent mere minutes discussing the issues. Dkt. # 30.

Like it did the first time, the Court reviews the Board's decisions under the business judgment rule. The business judgment rule is a rebuttable "presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *Aronson v. Lewis*, 473 A.2d 805, 812 (Del. 1984) *overruled on other grounds by Brehm v. Eisner*, 746 A.2d 244 (Del. 2000) (citations omitted).[1] "Absent an abuse of discretion, that judgment will be respected by the courts." *Id.*; *see also Zapata Corp. v. Maldonado*, 430 A.2d 779, 787 (Del. 1981) ("If a 'committee,

---

[1] In a shareholder derivative action brought in federal court based on diversity jurisdiction, the Court applies the substantive law of the state of incorporation. Starbucks is incorporated in Washington. Washington courts often look to Delaware courts for guidance on issues that arise in shareholder derivative suits.

composed of independent and disinterested directors, conducted a proper review of the matters before it, considered a variety of factors and reached, in good faith, a business judgment that (the) action was not in the best interest of (the corporation)', the action must be dismissed.") (citations omitted); *Sinclair Oil Corp. v. Levien*, 280 A.2d 717, 720 (Del. 1971) ("A board of directors enjoys a presumption of sound business judgment, and its decisions will not be disturbed if they can be attributed to any rational business purpose. A court under such circumstances will not substitute its own notions of what is or is not sound business judgment."). The party challenging the Board's decision has the burden to establish facts that rebut this presumption. *Aronson*, 473 A.2d at 812.

When reviewing the Board's decision, the Court inquires "into the procedures employed by the board in making its determination." *Barovic v. Ballmer*, 72 F. Supp. 3d 1210, 1215 (W.D. Wash. 2014) (quoting *In re PSE & G Shareholder Litigation*, 173 N.J. 258, 291 (2002)). There is "no prescribed procedure that a board must follow." *Levine v. Smith*, 591 A.2d 194, 214 (Del. 1991) *overruled on other grounds by Brehm v. Eisner*, 746 A.2d 244 (Del. 2000). Generally, however, the Court will analyze whether the Board fulfilled their "duty to inform themselves of all material information reasonably available to them." *Barovic*, 72 F. Supp. 3d at 1215 (citing *Mt. Moriah Cemetery on Behalf of Dun & Bradstreet Corp. v. Moritz*, 1991 WL 50149, at *4 (Del.Ch., Apr. 4, 1991)); *see also Zapata Corp.*, 430 A.2d at 797 ("The issues become solely independence, good faith, and reasonable investigation.").

Plaintiffs' Amended Complaint does not raise new facts or allegations that are sufficient to rebut the business judgment rule. Plaintiffs' amendments do not bring their claims within the purview of *Barovik v. Ballmer* or *City of Orlando Police Pension Fund v. Page* because unlike Microsoft and Google, Starbucks is not accused of wrongdoing. The European Commission's decision places blame on the Netherlands and not on Starbucks for any alleged wrongdoing associated with the

APA. Dkt. # 17-2. But Plaintiffs hang their hat on *Barovik* and *Page* and therefore reargue that the Board failed to conduct an adequate investigation when it failed to interview a member of the European Commission. *See, e.g.*, Dkt. # 30 at 8. The Court does not agree and finds that Plaintiffs' Amended Complaint remains insufficient to rebut the business judgment rule.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Starbucks' Motion to Dismiss. Dkt. # 28.

Dated this 20th day of June, 2018.

_____
The Honorable Richard A. Jones
United States District Judge